German Yusufov
YUSUFOV LAW FIRM PLLC
5151 E. Broadway Blvd., Suite 1600
Tucson, Arizona 85711
Telephone: (520) 745-4429
Email: bankruptcy@yusufovlaw.com
State Bar No. 023544
Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JAMES MICHAEL YARBOROUGH,<br>ALEXANDRA YARBOROUGH,<br><br>Debtor(s).<br><br><br><br>JAMES MICHAEL YARBOROUGH,<br>ALEXANDRA YARBOROUGH,<br><br>Debtors/Movants,<br><br>vs.<br><br>STATE OF ARIZONA; JUDY LOWE, in her official capacity as the Arizona Real Estate Commissioner.<br><br>Respondents. | Chapter 11<br><br>Case No. 4:11-bk-02974-EWH<br><br>**DEBTORS' MOTION FOR SANCTIONS FOR VIOLATIONS OF 11 U.S.C. §§ 362 and 525** |

Debtors, through undersigned counsel, pursuant to 11 U.S.C. §§ 362(k), 525, 105(a), and Fed. R. Bankr. P. 9014, respectfully move for sanctions against State of Arizona and Judy Lowe, solely in her capacity as the Arizona Real Estate Commissioner (collectively "Respondents"), for

Page 1 of 5

violations of Debtors' automatic stay and the nondiscrimination provisions of 11 U.S.C. § 525. This Motion stems from Respondents' refusal to grant and/or renew Debtor James Yarborough's real estate license due to the non-payment of debt that is dischargeable in Debtors' bankruptcy. The Motion is supported by the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**1. Facts and Background**

Debtors filed for protection under Chapter 11 of the Bankruptcy Code on February 4, 2011. Included on Debtors' schedules were prepetition debts owed to several contractors ("contractor claims"), all arising out of Debtor James Yarborough's construction business. On February 22, 2012, Debtors' Amended Plan of Reorganization was confirmed. The Plan addresses all claims against the estate, including the contractor claims, with the contractor claims being dischargeable upon completion of plan payments. Debtors' bankruptcy case remains open, and Debtors have not yet received their discharge.

Prior to the filing of the bankruptcy, Mr. Yarborough held a real estate license, which enabled him to act as a real estate agent. That license expired in or around March 2010. In addition, Mr. Yarborough held a contractor's license, which enabled him to act as a general contractor. After the bankruptcy was filed, the Arizona Registrar of Contractors revoked Mr. Yarborough's contractor's license due to his non-payment of the contractor claims. In or around January 2012, Mr. Yarborough applied for a renewal his real estate license. In or around May 2012, the Arizona Department of Real Estate ("Department") denied the application for his real estate license on the basis of the revocation of the contractor's license and the outstanding liability, in its view, on the contractor claims.

Mr. Yarborough requires a real estate license to continue to engage in the sale of real estate, as well as to act as a property manager, both of which are necessary for him to be able to fund his bankruptcy plan. Mr. Yarborough has attempted on numerous occasions, both directly and through counsel, to resolve this matter directly with the Department, bringing to the Department's attention that the refusal to renew the real estate license violated both the automatic stay of Section 362, and the nondiscrimination provisions of Section 525. The Department has rebuffed these efforts, forcing the filing of this Motion.

**2. The Law**

The filing of the bankruptcy brings into effect the automatic stay under 11 U.S.C. § 362, which precludes, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy case]." 11 U.S.C. § 362(a)(6). Any action taken in violation of 362 is void. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). "An individual injured by any willful violation of [the automatic stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

> A 'willful violation' does not require specific intent to violate the automatic stay. A violation of the automatic stay is 'willful' if 1) the creditor knew of the stay and 2) the creditor's actions, which violated the automatic stay, were intentional.

*In re Roman*, 283 B.R. 1, 8 (9th Cir. B.A.P. 2002); *Employment Dev. Dep't. v. Bertuccio*, 2011 WL 1158022, *4 (N.D. Cal. March 28, 2011).

Numerous courts have held that refusal to issue a license based on non-payment of a debt constitutes a violation of the automatic stay. *See, e.g.*, *Bertuccio*, 2011 WL 1158022, *4 (finding that the defendants, various state entities, violated the automatic stay by refusing to reinstate the debtor's contractor's license, that was suspended for failure to pay taxes, despite receiving actual

Page 3 of 5

notice of the bankruptcy petition); *In re Colon,* 102 B.R. 421, 428 (Bankr. E.D. Pa. 1989) (attempts to collect prepetition traffic fines by postpetition license suspension violate the automatic stay); *In re Bill,* 90 B.R. 651, 656 (Bankr. D.N.J. 1989) (suspension of driver's license for failure to pay dischargeable traffic violation insurance surcharges violates the automatic stay); *In re Del Mission Ltd.*, 116 B.R. 734, 739 (Bankr. S.D. Cal. 1990) (the state's refusal to allow the sale of a liquor license to proceed without the state first receiving payment of the post-petition interest on its tax claim constituted a violation of the automatic stay).

In addition, under 11 U.S.C. 525(a), a governmental unit may not deny, revoke, suspend, or refuse to renew a license or permit of a person who has filed for bankruptcy solely because that person has not paid a dischargeable debt. *See Perez v. Campbell*, 402 U.S. 637, 656 (1971) (declaring unconstitutional an Arizona statute requiring suspension of a motor vehicle license for non-payment of a judgment entered against a motorist as a result of an accident); *In re Taylor*, 27 B.R. 83, 84 (Bankr. S.D. Fla. 1983) (recognizing that Section 525 codifies the result of *Perez v. Campbell*). *See also In re Harris*, 85 B.R. 858, 862 (Bankr. D. Colo. 1988) (declaring unconstitutional a state statute requiring revocation of a real estate license for licensee's failure to repay the state recovery fund for distributions made on account of licensee); *In re Taylor*, 27 B.R. at 84 (revocation of the debtor's driver's license because of an unsatisfied pre-petition judgment for damages violated section 525); *In re Bill,* 90 B.R. at 658 (suspension of driver's license for failure to pay dischargeable traffic violation insurance surcharges violates section 525); *In re Young,* 10 B.R. 17, 19 (Bankr. S.D. Cal. 1980) (denial of license due to nonpayment of dischargeable fines violates section 525).

Page 4 of 5

**3. Argument**

The Department's refusal to grant Mr. Yarborough a real estate license based on the revocation of the contractor license and the non-payment of the contractor claims violates both the automatic stay and the nondiscrimination provisions of Section 525. The revocation of the contractor's license after the bankruptcy was filed was itself a violation of both Section 362 and 525, and therefore cannot serve as a valid basis for the denial of the real estate license. Similarly, as made clear by the above-cited authorities, refusal to grant the real estate license based on non-payment of the prepetition contractor claims, all of which are dischargeable in bankruptcy, plainly violates both the automatic stay and nondiscrimination provisions of the Bankruptcy Code.

In addition, because the denial of the real estate license was intentional, and the Department knew about the automatic stay, having been directly informed of its applicability, Debtors are entitled to costs and damages, including attorney fees, pursuant to 11 U.S.C. 362(k).

**4. Conclusion**

Based on the foregoing, Debtors respectfully request that the Court find that the Department violated Sections 362 and 525, that the Court order the Department to issue Debtor James Yarborough a real estate license, and that the Court award Debtors costs and damages, including attorney fees.

RESPECTFULLY SUBMITTED this 1st day of February, 2013.

        YUSUFOV LAW FIRM PLLC

        __/s/ German Yusufov_____
        German Yusufov
        Attorney for Debtors

Page 5 of 5

Case 4:11-bk-02974-EWH    Doc 188    Filed 02/01/13    Entered 02/01/13 10:12:54    Desc
Main Document    Page 5 of 5